# Third District Court of Appeal

## State of Florida

Opinion filed August 14, 2026.

_____

No. 3D26-1542
Lower Tribunal No. 26-53867-CC-20

_____

**Lance Lavallee, et al.,**
Appellants,

vs.

**Andre McIntosh, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lizzet Martinez, Judge.

Lance Lavallee, in proper person.

Kelley & Grant, P.A., and J. Conrad Grant (Boca Raton), for appellees.

Before SCALES, C.J., and FERNANDEZ and BOKOR, JJ.

PER CURIAM.

On July 17, 2026, the Appellant, Lance Lavallee, filed a notice of appeal of a Default Final Judgment of Possession entered by the trial court on July 16, 2026.  From that date until this writing, Lavallee has filed more than sixty (60) filings, including approximately thirty (30) motions, most requesting a stay of the writ of possession or a stay of enforcement of the writ of possession.  Each motion has been denied, and despite each denial, Lavallee continued to file virtually identical motions seeking the same relief.

On August 3, 2026, Lavallee was warned that continued filing of successive and frivolous motions may lead to sanctions, including a prohibition from filing further pro se pleadings and a requirement that he appear through counsel admitted to the practice of law in Florida.  Despite the warning, Lavallee continued filing repetitive, frivolous motions that had already been denied.

On August 12, 2026, Lavallee was ordered to show cause as to why he should not be prohibited from proceeding in this appeal pro se and instead be required to appear through an attorney licensed to practice law in Florida. He filed his response on the same day, repeating the claims that he previously made as to the motions previously denied. Upon review of Lavallee's response, we conclude that Lavallee has failed to show good

cause as to why he should not be prohibited from continuing to represent himself in this appeal.

Exercising this Court's inherent authority to determine whether a pro se litigant is abusing the judicial process, we now prohibit Lavellee from filing any further pro se motions, pleadings, petitions, notices, or any filings whatsoever in this appeal, and require that any such filings be made by an attorney licensed to practice law in Florida. See Jimenez v. State, 196 So. 3d 499, 501 (Fla. 3d DCA 2016); see also Brown v. Miami-Dade Cnty., 319 So. 3d 81, 84 (Fla. 3d DCA 2021) (affirming the county court's determination of an appellant's vexatious litigant status where the county's motion properly set forth " 'five or more civil actions' which had been 'commenced, prosecuted or maintained pro se' by [the appellant] 'over the immediately preceding 5-year period[.]' " (quoting § 68.093(2)(d)1., Fla. Stat. (2019))); Hasanati v. State, 117 So. 3d 1157, 1158 n.1 (Fla. 3d DCA 2013) (finding that the appellant "abused the judicial process through his repeated and meritless pro se appeals and petitions" when he filed "[i]n less than three years . . . a total of seventeen separate pro se appeals or petitions," warranting a ban on further pro se filings).

We direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.

This order shall take effect immediately. No motions for rehearing shall be entertained.

So ordered.